# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No.: 1:19-cr-073 |
| Emily Jo Andrist, | ) | |
| | ) | |
| Defendant. | ) | |

On June 3, 2019, defendant made her initial appearance and was arraigned in the above-entitled action. Prior to her initial appearance, defendant was incarcerated by the State of North Dakota at the Dakota Women's Correctional and Rehabilitation Center in New England, North Dakota. After the Indictment in this case was returned and an arrest warrant issued, a detainer was filed by the United States with North Dakota prison officials. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), defendant's appearance before this court for her initial appearance and arraignment was secured by a writ of habeas corpus *ad prosequendum*.

At her initial appearance and arraignment, defendant was advised of her rights under the IADA to continued federal custody until the charges set forth in the Indictment are adjudicated. Defendant waived in open court the anti-shuttling provisions of the IADA and was returned to the custody of the State of North Dakota (the "sending state" under the IADA) pending further proceedings in this case initiated by the United States (the "receiving state" under the IADA).

On October 10, 2019, defendant filed a Motion to Reconsider Order of Detention. She anticipates that she will be paroled from the state prison system when the parole board meets on

1

November 1, 2019. She requests that, upon her release from the state prison system, she be placed in a residential re-entry center. The United States does not object.

The Pretrial Services Office has advised the court that the residential facilities with which it contracts have no space for defendant at present or, given the lengthy waiting list for such placements, in the immediate future. Consequently, releasing defendant to a residential facility upon her discharge from state custody is simply not an option at present. Rather, upon her discharge from state custody, defendant will be held in federal custody until space becomes available at a residential facility.

Accordingly, defendant's motion (Doc. No. 41) is **DENIED** without prejudice. Upon her release from the state prison system, defendant shall be committed to the custody of the Attorney General or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with court proceedings.

Defendant shall be placed on the waiting list for a residential facility placement. In the interim, should defendant want a hearing to address her custodial status, she may file an appropriate motion.

**IT IS SO ORDERED**.

Dated this 17th day of October, 2019.

                                                    */s/ Clare R. Hochhalter*
                                                    Clare R. Hochhalter, Magistrate Judge
                                                    United States District Court