# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | Case No.: 1:19-cr-73 |
| Emily Jo Andrist, | ) | |
| Defendant. | ) | |

On November 4, 2019, the court issued an order conditionally releasing defendant so that she could participate in a North Dakota DOCR re-entry plan and with the caveat that she was to return to federal custody upon completing any treatment included in that re-entry plan. Defendant has since been residing at Centre, Inc., a residential reentry center in Mandan, and participating in a chemical dependency treatment program.

On March 17, 2020, defendant filed a motion for reconsideration of the court's November 4, 2019. Advising that she is scheduled to complete treatment on March 26, 2020, she requests to be released to her mother's residence in Minot, North Dakota.

On March 18, 2020, the United States filed a response in opposition to defendant's motion. It asserts that defendant's detention is mandated by 18 U.S.C. § 3143.

Defendant has executed a plea agreement and entered a guilty plea to the offense of conspiracy to distribute and possess with intent to distribute five hundred grams or more of a mixture and substance containing detectable amounts of methamphetamine. (Doc. No. 44 and 55). This offense carries a maximum term of life imprisonment and imprisonment and a ten year mandatory minimum term of imprisonment. 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). Consequently,

1

as the United States has pointed out, defendant's request for pre-sentence release is governed by 18 U.S.C. § 3143(a).

Section 3143(a)(2) provides that the judicial officer shall order a person found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act detained unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

However, "an exception contained in § 3145(c) allows release pending sentencing or appeal 'under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate' and the defendant poses no risk of flight. United States v. Green, 250 F. Supp.2d 1145, 1147 (E.D. Mo. 2003). "[E]xceptional requires something 'out of the ordinary' to distinguish the defendant's case from those of [other defendants] subject to mandatory detention." United States v. Smith, 34 F. Supp.3d 541, 553 (W.D. Pa. 2014) (quoting United States v. Salome, 870 F. Supp. 648, 653 (E.D. Pa. 1994); see also United States v. Larue, 478 F.3d 924, 925 (8th Cir. 2007). "The test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" Smith, 34 F. Supp.3d 541, 553 (quoting United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004)). "Thus, determining whether the circumstances of a given case constitute exceptional reasons is a fact-intensive inquiry within the discretion of the district

2

court and for which a case by case evaluation is essential." Id. (internal quotation marks and citations omitted) (quoting United States v. Koon, 6 F.3d 561 (9th Cir. 1993) (Rymer, J., concurring), and United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991)); see also United States v. Green, 250 F. Supp.2d 1145, 1148 (E.D. Mo. 2003) (compiling a non-exhaustive, non-binding list of factors the court in its discretion could take into consideration when considering a request for pre-sentence release). "The burden is on Defendant to show by clear and convincing evidence why [his] detention would not be appropriate based on exceptional reasons." Smith, 34 F. Supp.3d at 553.

Defendant cannot satisfy the requirement of Section 3143(a)(2). First, the plea agreement executed by the parties contains waivers of defendant's right to withdraw her guilty plea and right to appeal. Thus, there is little likelihood of a motion for acquittal or new trial be granted. (Doc. No. 44). Second, the plea agreement provides that, at sentencing, the United States will recommend a sentence within the application guideline range, or the minimum mandatory, whichever is greater. (Id.).

However, the court finds that there are exceptional reasons to warrant modifying defendant's release conditions as opposed to ordering her detained once she finishes treatment. The court has been advised that in an effort to slow the spread of the coronovirus and otherwise conserve resources, local correctional facilities have implemented protocols that, as a practical matter, preclude defendant's admission. In other words, there are no local facilities in which to house defendant should she be remanded into federal custody. Locating a facility in which to house defendant and transporting her to it will place undue burden on the United States Marshal, particularly in light of the fact that defendant poses no overt flight risk or danger to the community. Defendant has, after all, been on release for four months with no reported issues and done everything

3

asked of her.  Finally, the Pretrial Services Office has made arrangements for defendant to remain at Centre, Inc. upon her completion of treatment.

Accordingly, the court **GRANTS** defendant's motion in part and modifies defendant's release conditions as follows.  Upon completing treatment, defendant shall remain at the residential facility at which she is presently housed.  All of the other release conditions previously imposed by the court shall remain in effect.

**IT IS SO ORDERED**.

Dated this 20th day of March, 2020.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court